People v Gaskin (2023 NY Slip Op 01415)

People v Gaskin

2023 NY Slip Op 01415

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, OGDEN, AND GREENWOOD, JJ.

221 KA 22-01462

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAQUAN GASKIN, DEFENDANT-APPELLANT. 

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered July 25, 2022. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree (two counts), criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b], [3]), one count of criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and one count of criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). Defendant contends that Supreme Court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30). We conclude that the court applied the wrong standard in determining defendant's motion.
Where, as here, a defendant is charged with a felony, the People must announce readiness for trial within six months of the commencement of the action (see CPL 30.30 [1] [a]; People v England, 84 NY2d 1, 4 [1994], rearg denied 84 NY2d 846 [1994]). "The statutory period is calculated by 'computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion' " (People v Barnett, 158 AD3d 1279, 1280 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]). There are two elements to the People's readiness for trial: (1) " 'a statement of readiness by the prosecutor in open court . . . or a written notice of readiness' " and (2) "the People must in fact be ready to proceed at the time they declare readiness" (People v Chavis, 91 NY2d 500, 505 [1998]; see People v Hill, 209 AD3d 1262, 1264 [4th Dept 2022], lv denied 39 NY3d 986 [2022]). As applicable here, "[w]henever . . . a prosecutor states or otherwise provides notice that the people are ready for trial, the court shall make inquiry on the record as to their actual readiness. If, after conducting its inquiry, the court determines that the people are not ready to proceed to trial, the prosecutor's statement or notice of readiness shall not be valid" (CPL 30.30 [5]). "A statement of readiness [made] at a time when the People are not actually ready is illusory and [is] insufficient to stop the running of the speedy trial clock" (England, 84 NY2d at 4).
As relevant here, "[a]ny statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of [CPL] 245.20" (CPL 30.30 [5]; see CPL 245.50 [1]). A certificate of compliance must state that, "after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and [*2]information subject to discovery" and must also "identify the items provided" (CPL 245.50 [1]; see generally People ex rel. Ferro v Brann, 197 AD3d 787, 788 [2d Dept 2021], lv denied 38 NY3d 909 [2022]). Notwithstanding the provisions of any other law, absent an individualized finding of special circumstances by the court before which the charge is pending, the prosecution will not be deemed ready for trial for purposes of CPL 30.30 until it has filed a "proper certificate" of compliance pursuant to CPL 245.50 (1) (CPL 245.50 [3]). However, "[n]o adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances," although "the court may grant a remedy or sanction for a discovery violation" under CPL 245.80 (CPL 245.50 [1]).
Here, the criminal action was commenced on June 9, 2021 (see CPL 1.20 [17]). The People filed their certificate of compliance and statement of readiness on August 6, 2021. On February 12, 2022, defendant moved to dismiss the indictment on speedy trial grounds, arguing that the People's failure to provide all of the discovery required by CPL 245.20 rendered the certificate of compliance improper and the statement of readiness illusory. Defendant argued that the People should be charged with the entire eight month period and that the indictment should be dismissed (see CPL 30.30 [1] [a]). The court denied defendant's motion, concluding that the People's certificate of compliance was proper because defendant had not been prejudiced by the People's belated disclosure of certain required discovery and that the statement of readiness therefore was not illusory.
We agree with defendant that the court's use of a prejudice-only standard for evaluating the propriety of the certificate of compliance was error because the clear and unambiguous terms of CPL 245.50 establish that a certificate of compliance is proper where its filing is "in good faith and reasonable under the circumstances" (CPL 245.50 [1]; see generally People v Rodriguez, 77 Misc 3d 23, 25 [App Term, 1st Dept 2022]). On a CPL 30.30 motion, the question is not whether defendant was prejudiced by an improper certificate of compliance (see People v Trotman, 77 Misc 3d 1210[A], *2 [Crim Ct, Queens County 2022]; People v Adrovic, 69 Misc 3d 563, 574 [Crim Ct, Kings County 2020]). Indeed, it appears that the court, in evaluating whether defendant was prejudiced by the People's failure to disclose certain items, conflated the standard applicable to requests for sanctions under CPL 245.80—which does involve a prejudice analysis—with the standard for evaluating the propriety of a certificate of compliance for purposes of determining whether the People's statement of readiness was valid (see CPL 30.30 [5]; 245.50). In light of the court's failure to consider whether the People's certificate of compliance was filed in "good faith and reasonable under the circumstances" despite the belated discovery, we hold the case, reserve decision, and remit the matter to Supreme Court to determine whether the People's certificate of compliance was proper under the terms of CPL 245.50 and thus whether the statement of readiness was valid.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court