People v Hoskins (2024 NY Slip Op 50133(U))

[*1]

People v Hoskins

2024 NY Slip Op 50133(U)

Decided on January 25, 2024

County Court, Monroe County

Morrison, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 25, 2024
County Court, Monroe County

The People of the State of New York

against
Donald Hoskins, Defendant.

Ind. No. 22-72420

For the People:
SANDRA J. DOORLEY
Monroe County District Attorney
BY: Assistant District Attorney Jonathan Jirik
Assistant District Attorney Ryan Mulcahy
47 South Fitzhugh Street
Rochester, New York 14614
For Defendant: 
MICHAEL F. GERACI, ESQ.
Geraci Law Offices
45 Exchange Boulevard, Fourth Floor
Rochester, New York 14614

Caroline E. Morrison, J.

By way of Indictment 22-72420, filed on or about November 4, 2022, defendant is charged with four counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b], [3]). By motion emailed to the court on Sunday, January 7, 2023, and filed the day that a jury trial was scheduled to commence, Monday, January 8, 2024, defendant moved for dismissal of the indictment pursuant to CPL 30.30 and CPL 210.20 (1) (g).
Defendant seeks dismissal of the indictment on speedy trial grounds pursuant to CPL 30.30 on the basis that the People's certificate of compliance and statement of readiness dated May 19, 2023, was invalid and thus the People have not declared readiness within the statutorily prescribed time frame. Based on the unique and specific factors present in this case, the May 19, 2023, certificate of compliance was illusory and therefore more than the permissible 183 days are chargeable to the People. For the reasons below, the case must be dismissed.
FINDINGS OF FACT
Defendant was wanted by the Rochester Police Department after a search warrant revealed on October 6, 2022, that guns were allegedly located in a residence associated with defendant at 213 Culver Road. On October 20, 2022, defendant was pulled over by the U.S. Marshals Fugitive Task Force and taken to the Rochester Police station located at 630 North Clinton Avenue. On October 21, 2022, at 6:53 a.m. a felony complaint was filed against defendant. Defendant was arraigned later that same day, October 21, 2022, on the felony complaint and held in custody, no bail, no release. On October 26, 2022, the People were granted [*2]an adjournment of the preliminary hearing in local court and the matter was scheduled for October 31, 2022. The People served CPL 180.80 notice and the matter was waived to the grand jury.
On November 10, 2022, defendant was arraigned before this Court with public defender Tracy Sullivan, Esq. Defendant notified the Court that he had retained counsel and the matter was adjourned for Mr. Geraci to appear on December 2, 2022. On December 2, 2022, substitute counsel, Christopher D. Monna, Esq., appeared for Mr. Geraci and requested an adjournment for a bail application and a scheduling order, that was later amended, was provided to the parties. On December 7, 2022, a bail application was held and defendant ultimately bailed out of custody. Defendant filed omnibus motions on January 17, 2023.
On January 27, 2023, defendant reserved on arguing motions as a potential offer was discussed. On February 24, 2023, motions were argued. At that time, the grand jury minutes for this matter had not yet been turned over. The People never filed a cross-motion or responded to defendant's request for a bill of particulars.
On March 13, 2023, a Huntley hearing was held and the matter was adjourned for decision. On May 19, 2023, the decisions for the Huntley hearing and on the sufficiency of the grand jury minutes were handed down to the parties. On that same date, the People filed, for the first time, a certificate of compliance announcing readiness. The matter was set for jury trial commencing January 8, 2024, with a pre-trial appearance on January 5, 2024.
Approximately one month before trial, on December 7, 2023, 911 materials were turned over to defendant. In the People's supplemental certificate of compliance, it was noted that, "this material was previously not under the dominion or control of the People," further noting, "the People promptly turned the materials over to the defendant."
Then on December 21, 2023, the People filed another supplemental certificate of compliance at 2:14 p.m., with DNA testing results and lab and biologist accreditation materials. This document explained, "the People have learned of additional materials or information." After the January 5, 2024, pre-trial appearance, at 4:41 p.m., the People filed a third supplemental certificate of compliance. This certificate explained, "Additional body worn camera footage has now been obtained and transferred electronically to defense counsel. This material was marked with a different crime report number and despite the People's due diligence and reasonable inquiry, knowledge of its existence did not arise until today."
The Sunday evening before the Monday jury trial was to commence, defense counsel filed the instant motion asserting that 427 days were chargeable to the People as their "previous assertions of readiness were illusory and noncompliant with CPL 245.50 based on the supplemental disclosures." Defense counsel further asserted that he was concerned that there was additional outstanding discovery as the body worn camera turned over the Friday before the Monday trial was coded under a different crime report number and the People indicated they would need until Monday, January 8, 2024, to determine what, if anything, that crime report number was associated with. Defendant seeks dismissal pursuant to CPL 30.30 and, in the alternative, preclusion of Officer Brandon Contreras' testimony due to the belated disclosure of his body worn camera. 
The morning of Monday, January 8, 2024, at 9:30 a.m., the People filed a responsive motion. In their response, the People contended that the time from May 19, 2023 to January 7, 2024, was fully excludable as the belated discovery was made with due diligence in good faith.
As the jury trial was to commence, the parties argued the motions, and as a result, the jury trial was postponed and the matter adjourned to January 26, 2024, for decision. The People requested an opportunity to supplement their response by Wednesday, January 10, 2024, which was granted. No supplements, however, were filed by the People.

CONCLUSIONS OF LAW
Criminal Procedure Law Section 30.30 provides that where a defendant is accused of at least one felony, as here, the People must announce their readiness for trial in the case within six months (CPL 30.30 [1] [a]). In this case, the People had 183 days to be ready for trial (see [*3]generally People v Jones, 176 AD3d 1397, 1398 [3d Dept 2019], lv denied 35 NY3d 942 [2020]). "The statutory period is calculated by 'computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion' " (People v Barnett, 158 AD3d 1279, 1280 [4th Dept 2018], lv denied 31 NY3d 1078 [2018], quoting People v Cortes, 80 NY2d 201, 208 [1992]).
"A defendant making a motion pursuant to CPL 30.30 to dismiss an indictment has the initial burden of demonstrating, by sworn allegations of fact, that there has been an inexcusable delay beyond the time set forth in the statute" (People ex rel. Ferro v Brann, 197 AD3d 787, 787 [2d Dept 2021], lv denied 38 NY3d 909 [2022]). "[O]nce a defendant has shown the existence of an unexcused delay greater than . . . six months, the burden of showing that time should be excluded falls upon the People" (People v Santos, 68 NY2d 859, 861 [1986]).
Notably, the prosecution cannot announce readiness for trial for purposes of CPL 30.30 (5) until it has filed a proper certificate of compliance (CPL 245.50 [3]; see L 2020, ch 56, § 1, pt HHH, § 1). In other words, "absent an individualized finding of special circumstances by the court before which the charge is pending, the prosecution will not be deemed ready for trial for purposes of CPL 30.30 until it has filed a 'proper certificate' of compliance pursuant to CPL 245.50 (1)" (People v Gaskin, 214 AD3d 1353, 1354 [4th Dept 2023] citing CPL 245.50 [3]). In order to file a proper certificate of compliance, the prosecution must first provide automatic discovery to defendant except materials that have been lost or destroyed or are subject to a protective order (see 245.70 and CPL 245.80 [1] [b]).
The certificate of compliance must certify in good faith, that: (1) the People have exercised "due diligence" and made "reasonable inquiries" to "ascertain the existence" of discoverable material; and (2) they have "made available all known material and information subject to discovery" (CPL 245.50 [1]; see People v King, 216 AD3d 1400 [4th Dept 2023]). If the People do not file a proper certificate of compliance, their statement of readiness is invalid and the speedy trial clock will continue to run. Here, the People failed to file a proper certificate of compliance within the requisite six months.
On November 10, 2022, defendant, who remained in custody, was arraigned before this Court on the indictment and requested an adjournment for his attorney to appear. Defendant remained in custody until after a bail application was held December 7, 2022. Despite the fact defendant was in custody since the filing of the felony complaint on October 21, 2022, there is no indication that defendant was provided with initial discovery within the statutory 20 calendar days (CPL 245.10 [1] [a] [i]).
The adjournments from the arraignment to the decision on the hearing were all due to defendant's request and to Court scheduling. The People, however, did not announce readiness until May 19, 2023, after 210 days had elapsed since a felony complaint was filed against defendant. It was on that date they filed their initial discovery disclosure cover letter certificate of compliance and statement of readiness. As discussed above, the People filed three additional supplemental certificates of compliance and statements of readiness; two in December 2023 and one in January 2024 with a jury trial date set of January 8, 2024.
As noted by the Fourth Department, "a prejudice-only standard for evaluating the propriety of the certificate of compliance [i]s [now] error because the clear and unambiguous terms of CPL 245.50 establish that a certificate of compliance is proper where its filing is 'in good faith and reasonable under the circumstances' " (Gaskin, 214 at 1355 quoting CPL 245.50 [1]). Thus, in determining whether an initial certificate of compliance is illusory, this Court must evaluate whether the People made reasonable efforts based on the unique circumstances of each case (see People v Bay, — NY3d —, 2023 NY Slip Op 06407 [2023]).
As set forth by the Court of Appeals, "the relevant factors for assessing due diligence may vary from case to case," however, this Court "should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory [*4]requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id. at *6).
As a threshold matter, while not dispositive of the speedy trial issue, this Court is concerned with the prosecution's efforts made to comply with their duty of automatic discovery. In addition to failing to turn over discovery within the requisite 20 days that defendant was in custody, the People failed to certify the case for 210 days, failed to respond to the bill of particulars, and chose not to file a responsive motion to defendant's omnibus motion.
Furthermore, this case appears to lack complex or voluminous discovery. From the facts adduced in grand jury and at the hearing, it appears this case was initiated by a call to the 911 center, which led to a search warrant being issued for two physical locations. In this relatively simple fact pattern, it should have been obvious to the People that 911 materials including a recording of the call should have been automatically turned over to defendant (compare CPL 245.20 (g) with CPL 245.55 [3]). While standing alone, the failure to turn over the 911 call until December 7, 2023, under the circumstances explained by the prosecution is not dispositive, it is one factor this Court has considered.
In contravention to their supplemental certificate, which claims the DNA discovery was belatedly disclosed because "the People have learned of additional materials or information," the prosecution argued only that it was within their discretion as to whether to create evidence by testing the gun for DNA. Specifically, the prosecutor told the Court at argument of the instant motion that their decision to test evidence, "should not come into the Court's determination of discovery." The People further argued that the DNA evidence did not exist until they requested testing of potential DNA on the gun in December of 2023, therefore they were under no duty to turn over non-existent evidence. Specifically, the lead prosecutor argued, the "timing of [testing evidence for DNA] doesn't - - that should not matter, at all, because it's the People's determination of whether or not we want to have something tested," adding, "It's up to the People on how we want to present our evidence."
While determining whether to test evidence is within the prosecutor's discretion, here, the decision to request DNA testing within a month of the jury trial when over one year had elapsed since the arraignment of defendant and turning over the results approximately 19 days before the commencement of this specific jury trial clearly demonstrates a lack of due diligence (see People v Gonzalez, 136 AD3d 581, 582 [1st Dept 2016]). This is not a situation where the evidence did not become relevant until just before trial, nor is this a situation where an outside entity like a lab was asked to test the DNA at an earlier point and the lab's schedule did not permit for timely results. Nor did this case involve complex evidence to the point the DNA testing would not have been immediately obvious to the prosecution.
Further, while there may be a litany of exceptional circumstances for delayed testing, here it was made clear this delay was based merely on the whim of the prosecution. The prosecution's claim that they have unfettered discretion to test items for DNA that have been in their control at any point up to the trial does not demonstrate good faith within the meaning of CPL 245 nor does it appear reasonable under the circumstances of this specific case (People v Clarke, 28 NY3d 48, 51 [2016] ["the so-called 'speedy trial' statute, is a longstanding fixture in our State's prosecution of criminal actions and was specifically intended to address delays occasioned by prosecutorial inaction."]).
Furthermore, pursuant to CPL 245.20 (1) (f), all materials regarding expert opinion evidence must be turned over 60 days prior to trial, with some exceptions not relevant here. Thus, contrary to the People's contention, they cannot, absent any showing of good faith or reasonableness, decide to request the DNA testing of evidence held in their control for over one year up until the date of trial in a non-complex case absent any extenuating factors or circumstances.
Finally, the fact the People did not discover the body worn camera for Officer Contreras [*5]until the Friday afternoon before the Monday trial leaves more questions than answers. The People responded that the footage was coded with the wrong crime report number, but they were unable to explain more details about what was contained within that crime report number (see CPL 245.50 [1-a] ["Any supplemental certificate of compliance shall detail the basis for the delayed disclosure so that the court may determine whether the delayed disclosure impacts the propriety of the certificate of compliance."]).
This was not a complex case where multiple officers were involved in performing multiple roles. Officer Brandon Contreras participated executing the search warrant. While the People made reasonable efforts to obtain the body worn footage once they learned it was missing, it was explained that the footage was ultimately obtained by performing a simple search. It remains unclear why this simple search was not performed at the time that discovery was initially compiled.
Given all of these factors taken in their totality combined with the overall lack of diligence in regard to this case renders the May 19, 2023, certificate of compliance illusory. Thus, the time in this case is allocated as follows:
October 21, 2022, the filing of the felony complaint, until November 10, 2022 is chargeable to the People (20 days). The speedy trial clock stopped at arraignment on the indictment on November 20, 2022, when an adjournment was requested by defendant for defendant's attorney to appear (see CPL 30.30 [4] [f]). The time from November 20, 2022 to the date the decision and orders on the hearing and grand jury minutes were issued on May 19, 2023, is all excludable under CPL 30.30 (4) (a) and (b). However, given the original certificate of compliance was illusory, the time period from May 19, 2023, recommenced the speedy trial clock. Thus, even if the filing of the first supplemental certificate of compliance stopped the clock, the People would be well over their 183 days to be ready for trial.
Given this finding, reaching the issue of precluding Officer Contreras's testimony is rendered academic.

 CONCLUSION
Accordingly, based on the foregoing, the defendant's motion to dismiss the indictment, with prejudice, under CPL 30.30 and 210.20 (1) (g) is granted.
This constitutes the Decision and Order of the Court.
Dated this 25th day of January, 2024 at Rochester, New York
HONORABLE CAROLINE E. MORRISON
COUNTY COURT JUDGE