People v Coniglio (2024 NY Slip Op 50128(U))

[*1]

People v Coniglio

2024 NY Slip Op 50128(U) [81 Misc 3d 1242(A)]

Decided on February 5, 2024

County Court, Genesee County

Cianfrini, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 5, 2024
County Court, Genesee County

The People of
the State of New York

against
Jarrett C. Coniglio, Defendant.

IND-70444-22/001

Kevin Finnell, Esq.
Genesee County District Attorney
By: Joseph
J. Robinson, Esq.
First Assistant District Attorney
Louis C. Mussari,
Esq.
Attorney for Defendant

Melissa Lightcap Cianfrini, J.

Having been permitted to plead guilty to one count of Attempted Murder in the First
Degree, a class "B" violent felony, in violation of Penal Law §§ 110.00
125.25(1), in full satisfaction of the above entitled action additionally charging one count
each of Assault in the First Degree, Criminal Possession of a Weapon in the Third
Degree, Intimidating a Victim or Witness in the Third Degree, Criminal Mischief in the
Fourth Degree (Disabling Equipment to Prevent Emergency Call to Police/Fire/EMT),
and Menacing in the Second Degree and with a sentence cap of a determinate sentence of
fourteen years, and two and one-half to five years of post-release supervision, which was
to run concurrently with a sentence for his conviction of Assault in the Second Degree,
the defendant, Jarrett C. Conigilio (hereinafter, "the Defendant" or "Mr. Coniglio") now
moves to withdraw that plea on the grounds that there was a mistake or fraud in the
inducement of the plea as the complaining witness was "not available" and otherwise
unwilling to testify at trial and further moves for a dismissal of the indictment on speedy
trial grounds under CPL §§ 30.30(1)(a) and 210.20(1)(g). In opposition, the
People have submitted the Answering Affirmation of First Assistant District Attorney
Joseph J. Robinson affirmed on December 4, 2023. Oral arguments were held on
December 20, 2023. This matter is now fully submitted for this Court's decision.
The Defendant asserts that his plea was either fraudulently or mistakenly induced by
the prosecutor's "misrepresentation" that the Genesee County District Attorney's Office
had recently been in contact with the victim and confirmed the victim's availability to
testify. At a status conference with the Court's attorney on May 1, 2023, defense counsel
inquired specifically about the People's readiness for trial as it related to the victim's
"availability" to testify due to his understanding that the victim no longer wanted to
cooperate with the District Attorney's Office. The prosecutor confirmed that the victim
was available to testify in this conference and defense counsel was provided an
opportunity to speak with his client after this conference. The Defendant elected to enter
the plea on May 1, 2023. Of note, the victim was being prosecuted by the Genesee
County District Attorney's Office on an unrelated felony sex offense after the present
matter was indicted on or about August 11, 2022. 
Several months after entry of the plea, defense counsel had a chance encounter and
conversation with the victim's criminal defense attorney (hereinafter, "the Victim's
Attorney") wherein Mr. Mussari was seemingly advised that the District Attorney's
Office had not been in contact with the victim since he testified before the grand jury in
Mr. Coniglio's matter. Based upon the above circumstances, defense counsel now asserts
that the victim was "unavailable" at the time of plea and Mr. Coniglio should be
permitted to withdraw his guilty plea. Defense counsel further argues that if the Court
permits Mr. Coniglio to withdraw his plea, then the current matter is time barred and
should be dismissed as the People's declaration of readiness was illusory. The
prosecution asserts that at the time of the filing of the statement of readiness throughout
the pendency of this case, the People were ready and remained ready for trial. 
A trial court may only accept a guilty plea when satisfied that it is knowing,
voluntary and intelligent (Boykin v. Alabama, 395 U.S. 238, 242 [1969]). It is
within a court's sound discretion to determine whether the plea has been intentionally
made and whether withdrawal of the plea should be permitted (CPL § 220.60[3], People v. Garner, 86 AD3d
955, 955 [2011][internal citations omitted]; People v. Williams, 170 AD3d
776, 776 [2019]). A court's refusal to permit a withdrawal of a guilty plea does not
constitute an abuse of discretion unless there is some evidence of innocence, fraud or
mistake in the inducing of the plea (Garner, 86 AD3d at 955).
Defendant's argument that the victim was unavailable because he allegedly no longer
desired to testified must fail. Defendant attempts to substitute the victim's desire
to testify for the witness's availability to testify. At the arraignment, the
prosecutor confirmed that he had been in contact with the witnesses and they were
available to testify. Defendant's assertions of the victim's "unavailability" are bald
conclusions that are unsupported by the record or the Victim attorney's affidavit.
Nowhere in the Victim attorney's affidavit does it provide that the victim was
unavailable, unwilling or even out of the State before or at the time of the plea. To the
contrary, the prosecutor asserts and the Victim's attorney does not dispute that they had a
conversation prior to the plea wherein the prosecutor advised that he would be contacting
the Victim's attorney to arrange for service of a subpoena for a potential trial of this
matter. Shortly after this conversation, the Defendant entered his plea in this case. The
prosecutor was placed in an unenviable position of needing to speak with a victim who
was simultaneously being prosecuted by his office. As such, he fulfilled his ethical
obligation by speaking with the Victim's attorney regarding the victim's availability.
Equally availing is the fact that the victim had a pending court case before this Court and
was regularly appearing on that matter as directed by the Court.
Moreover, this Court engaged in a detailed colloquy with the Defendant wherein he
stated that he understood the plea and wanted to go forward. When asked by the Court,
the Defendant confirmed that he had discussed and had sufficient time to consider the
issues related to his case such as the charges, defenses thereto and the plea offer with his
attorney. He further maintained that he was satisfied with the services of his attorney and
had confidence in counsel. Lastly, he told this Court that he was entering this plea of his
own free will and that no one was coercing or forcing him to do so. 
The cases relied upon by defense counsel, People v. Bay, 2023 NY Slip. Op.
06407, 2023 WL 8629188 (December 14, 2023) and People v. Gaskin, 214 AD3d 1353 (4th Dep't. 2023) are
misplaced. In Bay, the Court addressed discovery materials that were available,
but not timely produced to the defense. Here, all discovery was timely provided by the
prosecution. In Gaskin, the Court held that the trial court's use of a
"prejudice-only" standard in evaluating the People's certificate of compliance
(hereinafter, "the COC") while evaluating a motion for speedy trial under CPL §
30.30 was in error. Based upon the facts of this case, the Court finds that the prosecutor
exercised due diligence and made reasonable inquiries to ascertain the information
needed to declare and maintain readiness for trial and thus, filed a proper certificate of
compliance and, therefore, the COC was not illusory.
CONCLUSION
The Defendant's motion to
withdraw his guilty plea is DENIED, and as a result the motion to dismiss
pursuant to CPL §30.30 is moot. The Defendant will be sentenced accordingly by
this Court.
This Decision constitutes the Order of this Court.
DATED: February 5, 2024
Batavia, New York
HON. MELISSA LIGHTCAP
CIANFRINI
Genesee County Court Judge