People v Geer (2024 NY Slip Op 00706)

People v Geer

2024 NY Slip Op 00706

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND KEANE, JJ.

77 KA 22-00907

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES J. GEER, III, DEFENDANT-APPELLANT. 

RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered May 12, 2022. The judgment convicted defendant upon a guilty plea of attempted assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]). We affirm.
Defendant contends that County Court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30). In particular, he contends that the People's failure to disclose grand jury witness testimony (see CPL 245.20 [1] [b]) rendered their certificate of compliance (COC) improper (see CPL 30.30 [5]; 245.50 [1]), thereby also rendering their statement of readiness (SOR) "illusory and insufficient to stop the running of the speedy trial clock" (People v England, 84 NY2d 1, 4 [1994]; see generally People v Gaskin, 214 AD3d 1353, 1354 [4th Dept 2023]).
As relevant here, CPL 245.20 (1) (b) requires that the People disclose to the defendant "[a]ll transcripts of the testimony of . . . person[s] who ha[ve] testified before a grand jury," with the caveat that the time period within which disclosure of this material is to occur under CPL 245.10 (1) "may be stayed by up to an additional [30] calendar days without need for a motion pursuant to" CPL 245.70 (2) if, "due to the limited availability of transcription resources, . . . transcript[s] [are] unavailable for disclosure within the [relevant] time period." Here, the COC indicated that the relevant grand jury transcripts were "unavailable at this time due to limited transcription services." At the time the COC was filed, the extended time period contained in CPL 245.20 (1) (b) had not expired. Thus, at the time the People filed their COC and SOR, they had complied with their automatic discovery obligations under CPL article 245 to the extent possible. We therefore reject defendant's contention that the COC was improper, inasmuch as the People have met their burden of establishing that, prior to filing the COC, they "ha[d] 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (People v Bay, — NY3d —, —, 2023 NY Slip Op 06407, *2 [2023]; see CPL 245.50 [1]). Consequently, the court did not err in denying defendant's motion to dismiss the indictment on statutory speedy trial grounds.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court