People v Radford (2025 NY Slip Op 02453)

People v Radford

2025 NY Slip Op 02453

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

169 KA 22-01341

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BARNEY J. RADFORD, JR., DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (SABRINA BREMER OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Michael L. Dollinger, J.), rendered February 23, 2022. The judgment convicted defendant upon a plea of guilty of criminal mischief in the fourth degree and driving while ability impaired. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and driving while ability impaired (Vehicle and Traffic Law § 1192 [1]). We affirm.
Defendant contends that County Court erred in denying his motions seeking to strike the People's certificate of compliance (COC) and dismiss the indictment on statutory speedy trial grounds (see CPL 30.30), arguing that the People's failure to disclose certain records rendered the COC improper (see CPL 30.30 [5]; 245.50 [1]), thereby rendering the statement of readiness "illusory and insufficient to stop the running of the speedy trial clock" (People v Geer, 224 AD3d 1353, 1354 [4th Dept 2024], lv denied 42 NY3d 970 [2024] [internal quotation marks omitted]; see generally People v Gaskin, 214 AD3d 1353, 1354 [4th Dept 2023]). We reject that contention.
Subject to limited exceptions not applicable here, the People are not deemed ready for trial for purposes of CPL 30.30 until they have filed a proper COC pursuant to CPL 245.50 (1) (see CPL 245.50 [3]). The COC must state that, "after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL 245.50 [1]). We conclude that the records in question were not part of the "discovery required" to be automatically disclosed by the People prior to the filing of a proper COC (id.) and, "[c]onsequently, the People's failure to provide the records at the time they served and filed their original . . . [COC did] not render [the COC] improper" (People v Walker, 232 AD3d 1214, 1217 [4th Dept 2024], lv denied 42 NY3d 1082 [2025]). CPL 245.20 (1) requires the People to automatically disclose to a defendant all items and information that relate to the subject matter of the case and are in the People's possession, custody, or control (see Walker, 232 AD3d at 1215; People v Walker, 228 AD3d 1318, 1319 [4th Dept 2024]; People v Johnson, 218 AD3d 1347, 1350 [4th Dept 2023], lv denied 40 NY3d 1093 [2024], cert denied — US —, 144 S Ct 2696 [2024]). Here, although the records relate to the subject matter of the case, they were not in the possession, custody, or control of the People before the People filed their initial COC, and the People established, in opposition to defendant's CPL 30.30 motion, that they had " 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " at that time (People v Bay, 41 NY3d 200, 211 [2023]; see People v Flowers, 234 AD3d 1347, 1348 [4th Dept 2025]).
Defendant further contends that his motions should have been granted because the People failed to meet their continuing obligation to ascertain the existence of discovery material before filing their supplemental COCs. We reject that contention. We conclude that "the remedy of dismissal of the indictment under CPL 30.30 for the violation of a defendant's statutory right to a speedy trial—which is available when, inter alia, the People are deemed not ready for trial due to an invalid certificate of compliance and have exceeded the applicable statutory speedy trial time (see CPL 245.50 [3])—is directly tied, and only directly tied, to the People's failure to comply with their '[i]nitial discovery' obligations as set forth in CPL 245.20 (1), which include any attendant due diligence obligations with respect to the items and information discoverable under that provision (see CPL 245.20 [2])" (Walker, 232 AD3d at 1218 [Curran, J., concurring]). Thus, although a failure by the People to comply with their continuing discovery obligations under CPL 245.60 may warrant the imposition of discovery sanctions under CPL 245.80 (2), as happened here, such a failure does not, contrary to defendant's contention, implicate speedy trial considerations under CPL 30.30.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court