People v Coffey (2025 NY Slip Op 07248)

People v Coffey

2025 NY Slip Op 07248

Decided on December 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 24, 2025

CR-23-1566
[*1]The People of the State of New York, Respondent,
vDavid A. Coffey, Appellant.

Calendar Date:November 19, 2025

Before:Garry, P.J., Aarons, Pritzker, Powers and Corcoran, JJ.

James A. Bartosik Jr., Glenmont, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Broome County (Joseph Cawley, J.), rendered March 9, 2023, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
After the filing of a felony complaint in May 2021, defendant was indicted and charged with criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the seventh degree and two counts of criminally using drug paraphernalia in the second degree stemming from evidence discovered during the execution of a search warrant at defendant's home. On July 15, 2021, the People disclosed to defendant automatic discovery items pursuant to CPL article 245, which included a heavily redacted copy of the search warrant application. At this time, the People filed a certificate of compliance (hereinafter COC), and indicated they were ready for trial. In November 2021, defendant filed an omnibus motion, requesting, among other things, that the People provide an unredacted copy of the search warrant application. Ultimately, County Court ordered the People to provide defendant with an unredacted copy of the search warrant application. The People complied with this order.
In February 2022, defendant filed a supplemental omnibus motion requesting, among other things, a Darden hearing, as the search warrant application revealed that it was based upon information provided by a confidential informant (hereinafter CI); County Court granted the hearing. Thereafter, the People requested the issuance of a protective order pursuant to CPL 245.70 regarding the disclosure of the CI's affidavits and criminal history. After defendant stated that he had no objection, the court granted the protective order. Subsequently, in May 2022, defendant filed a motion to dismiss the indictment pursuant to CPL 30.30, arguing that a dismissal was warranted because the People's statement of readiness (hereinafter SOR) was illusory given that all automatic discovery was not turned over. Soon thereafter, the People opposed defendant's motion to dismiss and submitted a supplemental COC, in which they stated their readiness for trial.
Ultimately, County Court denied defendant's motion to dismiss, specifically finding, among other things, that defendant did not sustain any prejudice from the alleged discovery violations and that the People's SOR was timely. Thereafter, defendant pleaded guilty to criminal possession of a weapon in the second degree in satisfaction of the indictment and, as part of the plea agreement, retained his right to appeal. In accordance with the plea agreement, he was sentenced, as a second violent felony offender, to a prison term of seven years, to be followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that County Court erred by denying his motion to dismiss on speedy trial grounds because the People did not exercise due diligence or make good faith efforts to meet their discovery [*2]obligations pursuant to CPL article 245 and, thus, the COC and SOR were illusory. The People must be ready for trial within "six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony" (CPL 30.30 [1] [a]; see People v LaDuke, 204 AD3d 1083, 1087 [3d Dept 2022], lv denied 38 NY3d 1072 [2022])."CPL article 245 imposes automatic disclosure requirements upon the People, and it incentivizes compliance by tying their discovery obligations with their trial readiness" (People v Contompasis, 236 AD3d 138, 144 [3d Dept 2025], lv denied 43 NY3d 1007 [2025] [citations omitted]; see People v Mazelie, ___ AD3d ___, ___, 2025 NY Slip Op 05849, *3). Specifically, the version of the statute in force at the time required the People to "disclose to the defendant . . . all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution" (CPL 245.20 [former (1)], L 2020, ch 56, part HHH, § 2 [eff May 3, 2020]).[FN1] Once the People complete their initial discovery obligations, they must file a COC, which promises that "after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery" (CPL 245.50 [former (1)]). As explained by the Court of Appeals in People v Bay (41 NY3d 200 [2023]), the relevant factors in determining whether the People acted with due diligence include "the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id. at 212; see People v Williams, 224 AD3d 998, 999-1000 [3d Dept 2024], lv denied 41 NY3d 1021 [2024]).
Furthermore, there is "a continuing duty to provide discoverable materials expeditiously, and [the People] shall file a supplemental COC identifying any additional information. The People must also provide an explanation for the delayed disclosure. Where a COC was filed in good faith after exercising due diligence and the disclosures were reasonable under the circumstances, the filing of a supplemental COC shall have no effect on the validity of the initial COC, though the court may issue an appropriate sanction as detailed in CPL 245.80" (People v Contompasis, 236 AD3d at 145 [citations and footnote omitted]). If a defendant moves for dismissal on speedy trial grounds alleging that the People failed to exercise due diligence, "the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated [*3]or missing disclosure. If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and — so long as the time chargeable to the People exceeds the applicable CPL 30.30 period — the case dismissed" (People v Bay, 41 NY3d at 213 [internal citations omitted]; see People v Williams, 224 AD3d at 999). Lastly, as relevant here, a defendant need not show prejudice to obtain a dismissal for the People's failure to timely comply with discovery mandates (see People v Bay, 41 NY3d at 214; People v Williams, 224 AD3d at 1004 n 5).[FN2]
On appeal, defendant argues that County Court erred in denying his motion to dismiss based upon the finding that defendant did not sustain any prejudice. We agree. CPL 245.50 (former [1]) "clear[ly] and unambiguous[ly] . . . establish[ed] that a [COC] is proper where its filing is in good faith and reasonable under the circumstances" (People v Gaskin, 214 AD3d 1353, 1355 [4th Dept 2023] [internal quotation marks and citation omitted]; see People v Bay, 41 NY3d at 209, 210). Thus, "[o]n a CPL 30.30 motion, the question is not whether defendant was prejudiced by an improper [COC]" (People v Gaskin, 214 AD3d at 1355; see People v Bay, 41 NY3d at 213). On this record, it appears that the court did not evaluate and determine whether the People's alleged discovery violations invalidated the People's COC and SOR (see People v James, 229 AD3d 1008, 1011 [3d Dept 2024]; People v Gaskin, 214 AD3d at 1355). "In light of the court's failure to consider whether the People's [COC] was filed in good faith and reasonable under the circumstances despite the [alleged] discovery [violations], we hold the case, reserve decision, and remit the matter to [County] Court to determine whether the People's [COC] was proper under the terms of CPL 245.50[, as it was in effect at the time,] and thus whether the [SOR] was valid" (People v Gaskin, 214 AD3d at 1355; see People v James, 229 AD3d at 1012).
Garry, P.J., Aarons, Powers and Corcoran, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: It is noted that CPL article 245 was recently amended, which amendments took effect on August 7, 2025, and apply to "all criminal actions pending on such date and all actions commenced on or after such date" (L 2025, ch 56, part LL, § 8). Inasmuch as this criminal action terminated years prior to these amendments' effective date, they do not apply (see CPL 1.20 [16] [c]).

Footnote 2: It is noteworthy that the recent amendments to CPL article 245 (see infra n 1) no longer indicate mandatory dismissal and include consideration of prejudice (see CPL 245.50, as amended by L 2025, ch 56, part LL, § 4 [eff Aug. 7, 2025]).