People v Oliver (2026 NY Slip Op 01642)

People v Oliver

2026 NY Slip Op 01642

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

44 KA 23-01800

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vERIC OLIVER, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHAWN P. HENNESSY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered September 27, 2023. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). We affirm.
Defendant contends that County Court erred in denying his motion to strike the People's certificate of compliance (COC) and dismiss the indictment on statutory speedy trial grounds (see CPL 30.30), arguing that the People's failure to timely disclose certain records rendered the COC improper (see CPL 30.30 [former (5)]; 245.50 [former (1)]), thereby rendering the statement of readiness illusory and insufficient to stop the running of the speedy trial clock (see People v Geer, 224 AD3d 1353, 1354 [4th Dept 2024], lv denied 42 NY3d 970 [2024]; see generally People v Gaskin, 214 AD3d 1353, 1354 [4th Dept 2023]).
Contrary to defendant's contention, the records in question were not part of the "discovery required" to be automatically disclosed by the People prior to the filing of a proper COC (CPL 245.50 [former (3)]; see CPL 245.20 [former (1)]) and, thus, "the People's failure to provide the records at the time they served and filed their original . . . [COC did] not render [the COC] improper" (People v Walker, 232 AD3d 1214, 1217 [4th Dept 2024], lv denied 42 NY3d 1082 [2025]). As applicable here, CPL 245.20 (former [1]) required the People to automatically disclose to a defendant certain categories of items and information that relate to the subject matter of the case and are in the People's possession, custody, or control (see Walker, 232 AD3d at 1215; People v Walker, 228 AD3d 1318, 1319 [4th Dept 2024]; People v Johnson, 218 AD3d 1347, 1350 [4th Dept 2023], lv denied 40 NY3d 1093 [2024], cert denied — US —, 144 S Ct 2696 [2024]). Here, although the records relate to the subject matter of the case, they were not in the possession, custody, or control of the People before the People filed their initial COC inasmuch as the records either did not exist at the time the COC was filed (see CPL 245.20 [1] [j]; see generally People v Radford, 237 AD3d 1511, 1512 [4th Dept 2025], lv denied 43 NY3d 1048 [2025]; People v Flowers, 234 AD3d 1347, 1348 [4th Dept 2025], lv denied 43 NY3d 1045 [2025]) or were not "related to the prosecution of a charge" (Walker, 232 AD3d at 1216 [internal quotation marks omitted]), and the People established, in opposition to defendant's CPL 30.30 motion, that they had " 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " at that time (People v Bay, 41 NY3d 200, 211 [2023]; see Flowers, 234 AD3d at 1348).
To the extent that defendant contends that his motion should have been granted because the People failed to meet their continuing obligation to ascertain the existence of discovery material before filing their supplemental COC, we reject that contention. "[T]he remedy of dismissal of the indictment under CPL 30.30 for the violation of a defendant's statutory right to a speedy trial—which is available when, inter alia, the People are deemed not ready for trial due to an invalid certificate of compliance and have exceeded the applicable statutory speedy trial time (see CPL 245.50 [3])—is directly tied, and only directly tied, to the People's failure to comply with their [i]nitial discovery obligations as set forth in CPL 245.20 (1), which include any attendant due diligence obligations with respect to the items and information discoverable under that provision" (Radford, 237 AD3d at 1513 [internal quotation marks omitted]). Thus, although a failure by the People to comply with their continuing discovery obligations under CPL 245.60 may warrant the imposition of discovery sanctions under CPL 245.80 (2), such a failure does not implicate speedy trial considerations under CPL 30.30 (see Radford, 237 AD3d at 1513; Flowers, 234 AD3d at 1348).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court