■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE L. HARRIS, Appellant. [771 NYS2d 767]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered September 24, 2002. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the fourth degree (Penal Law § 220.34). Because defendant failed to move to withdraw his plea or to vacate the judgment of conviction, his contention that the plea was not knowingly, voluntarily or intelligently entered is not preserved for our review (*see People v Lopez,* 71 NY2d 662, 665 [1988]; *People v DeJesus,* 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]). This case does not fall within the narrow exception to the preservation doctrine set forth in *Lopez* (71 NY2d at 666) because nothing in the plea allocution calls into doubt the voluntariness of the plea or casts a "significant doubt" upon defendant's guilt.

We conclude, however, that the single question to defendant whether he waived his right to appeal is insufficient to establish that defendant knowingly, voluntarily and intelligently waived his right to appeal (*see People v DeSimone,* 80 NY2d 273, 283 [1992]; *see generally People v Seaberg,* 74 NY2d 1, 11 [1989]). We therefore address defendant's remaining contentions. To the extent that certain of defendant's challenges to the effectiveness of counsel survive the plea of guilty (*cf. People v Burke,* 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]), we conclude

that, based on the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, defendant received meaningful representation (*see People v Hobot*, 84 NY2d 1021, 1022 [1995]; *People v Baldi*, 54 NY2d 137, 147 [1981]). We further conclude that the sentence, which is the minimum term of incarceration allowed by law, cannot be considered unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Scudder, JJ.