■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BARLOW, Appellant. [778 NYS2d 375]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered April 3, 2002. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]). Contrary to defendant's contention, County Court did not improvidently exercise its discretion in limiting the scope of cross-examination of two of the People's witnesses on a collateral matter in order to impeach their credibility (*see People v Pritchett,* 248 AD2d 967, 968 [1998], *lv denied* 92 NY2d 929 [1998]; *see also People v Scarola,* 71 NY2d 769, 777 [1988]). Contrary to defendant's further contention, the court did not err in refusing to allow cross-examination of the victim on the issue whether he actually had $50 stolen from him. Such questioning would not have raised doubt with regard to an element of the crime charged, given

that the victim testified that other property was also stolen from him (*see* Penal Law § 160.10). In any event, any error in the court's limitation of the cross-examination of those three prosecution witnesses is harmless (*see People v Thomches*, 172 AD2d 786 [1991]; *People v Anderson*, 168 AD2d 624, 625 [1990], *lv denied* 77 NY2d 903 [1991]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Defendant's further contention concerning alleged prosecutorial misconduct on summation is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). According the People the benefit of every reasonable inference to be drawn from the evidence, we conclude that the evidence is legally sufficient to support the conviction (*see People v Cintron*, 95 NY2d 329, 332 [2000]; *see also People v Watson*, 269 AD2d 755 [2000], *lv denied* 95 NY2d 806 [2000]). We further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, defendant received the minimum sentence authorized by law, and thus the sentence cannot be considered unduly harsh or severe (*see People v Harris*, 4 AD3d 767, 768 [2004]). Present—Hurlbutt, J.P., Scudder, Gorski, Martoche and Hayes, JJ.