■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RICKS, JR., Appellant. [786 NYS2d 875]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered April 14, 2003. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed and the matter is remitted to Orleans County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the first degree (Penal Law § 120.10 [3]) and sentencing him to a determinate term of imprisonment of 20 years in connection with the assault of a four-year-old child who suffered a permanent brain injury. We agree with defendant that his waiver of the right to appeal was not knowing, voluntary and intelligent inasmuch as County Court asked him only, "[d]o you understand that?" after the District Atorney completed his recitation of the entire plea agreement. Thus, the record does not "establish that defendant knowingly, voluntar-

ily, and intelligently waived his right to appeal" (*People v Harris*, 4 AD3d 767, 767 [2004]; *see generally People v Seaberg*, 74 NY2d 1, 11 [1989]).

We reject defendant's contention that the sentence is unduly harsh or severe. Defendant failed to preserve for our review his further contentions that the order of protection exceeds the limit set forth in CPL 530.13 (4) and is overbroad in its scope (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]). We nevertheless exercise our power to review defendant's contention that the order exceeds the statutory limit as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *cf. Nieves*, 2 NY3d at 317). We agree with that contention, and we therefore modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify in the order of protection an expiration date that is three years from the date of expiration of the maximum term of the sentence (*see People v Grice*, 300 AD2d 1005, 1006 [2002], *lv denied* 99 NY2d 654 [2003]). We decline to exercise our power to review defendant's remaining contention as a matter of discretion in the interest of justice. Present—Pigott, Jr., P.J., Pine, Scudder, Martoche and Lawton, JJ.