■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAN ZHI FENG, Also Known as ZHI FENG PAN, Appellant. [789 NYS2d 592]—Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered February 9, 2001. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law § 140.30 [3]). Contrary to the contention of defendant, his waiver of the right to appeal was knowingly, voluntarily and intelligently made and encompasses his contention that Supreme Court erred in denying his motion seeking suppression of the showup identification procedure (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *cf. People v Ricks*, 13 AD3d 1073 [2004]). By failing to move to withdraw the plea or to vacate the judgment, defendant failed to preserve for our review his contention that his plea was not voluntary because the court failed to advise him that he was subject to a period of postrelease supervision (*see People v Hollenbach*, 307 AD2d 776 [2003], *lv denied* 100 NY2d 642 [2003]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice. Inasmuch as "Penal Law § 70.45 (2) provides that the period of postrelease supervision on a conviction of a class [B] violent felony offense is five years, 'unless the court specifies a shorter period,' there is no need for the court to specify a period of postrelease supervision at sentencing" (*id.*). Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.