THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER D. THOUSAND, Appellant. [836 NYS2d 467]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered May 26, 2004. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree, burglary in the second degree, robbery in the second degree and robbery in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, robbery in the first degree (Penal Law § 160.15 [3]). We agree with defendant that his waiver of the right to appeal is invalid, inasmuch as County Court's "single reference to defendant's right to appeal is insufficient to establish that the court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, 860 [2002], *lv denied* 98 NY2d 767 [2002], quoting *People v Kemp*, 255 AD2d 397, 397 [1998]; *see People v Gonzalez-Saez*, 16 AD3d 1171 [2005]; *People v Harris*, 4 AD3d 767 [2004]; *People v Van Every*, 1 AD3d 977, 978 [2003], *lv denied* 1 NY3d 602 [2004]). Contrary to defendant's contention, however, the sentence is not unduly harsh or severe. The remaining contention of defendant with respect to the court's failure to conduct a hearing on the suppression issues raised in his omnibus motion is not properly before us. The record reflects that defendant withdrew his omnibus motion as part of the plea of guilty, thereby foreclosing our review of the issues raised therein (*see People v Nesbett*, 255 AD2d 950 [1998]; *People v Rodriguez*, 245 AD2d 316 [1997], *lv denied* 91 NY2d 976 [1998]; *People v Capone*, 229 AD2d 445, 445-446 [1996], *lv denied* 89 NY2d 863 [1996]). Present—Gorski, J.P., Smith, Centra, Lunn and Fahey, JJ.