■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNY CAMPOS, Appellant. [2 NYS3d 89]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J., at suppression hearing and application to reopen; Maxwell Wiley, J., at speedy trial motions; Daniel P. FitzGerald, J., at jury trial and sentencing), rendered September 24, 2010, convicting defendant of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 12 years, unanimously affirmed.

The court properly denied defendant's speedy trial motions. The August 15, 2007 adjournment, the excludability of which is dispositive, was excludable as a reasonable period of delay

resulting from motion practice (*see* CPL 30.30 [4] [a]; *People v Brown*, 99 NY2d 488, 492 [2003]). The September 9, 2009 adjournment was excludable because the delay was primarily caused by defense counsel's absence, and not by the late production of defendant. With regard to other adjournments, defendant makes arguments for the first time on appeal, and the motion court did not "expressly decide[ ]" these specific issues (CPL 470.05 [2]; *see People v Turriago*, 90 NY2d 77, 83-84 [1997]). We decline to review these unpreserved arguments in the interest of justice.

As an alternative holding, we reject them on the merits.

There is no basis for reopening the suppression proceedings based on trial testimony, or for reaching a different result. On an appeal by the People from an order granting suppression of evidence in this case (56 AD3d 342 [1st Dept 2008]), this Court concluded that the police actions were entirely lawful. We find nothing in the trial testimony that undermines that conclusion, or would warrant a further hearing. Neither the number of officers present nor the manner in which defendant was handcuffed was material, under the facts presented, to the suppression issues, and the victim's testimony, read as a whole, supported rather than contradicted the police account of defendant's arrest.

We perceive no basis for reducing the sentence or directing that it run concurrently with defendant's sentence on another conviction. Concur—Sweeny, J.P., Andrias, Moskowitz, Richter and Clark, JJ.