People v Hayes (2020 NY Slip Op 00832)





People v Hayes


2020 NY Slip Op 00832


Decided on February 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2020

Friedman, J.P., Renwick, Manzanet-Daniels, Singh, González, JJ.


10953 1951/14

[*1] The People of the State of New York, Respondent,
v
Damon Hayes, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (David Bernstein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Richard D. Carruthers and Michael J. Obus, JJ., at CPL 30.30 motions; Anthony J. Ferrara, J. at jury trial and sentencing), rendered March 16, 2016, as amended April 27, 2016, convicting defendant of sex trafficking, promoting prostitution in the second and third degrees and endangering the welfare of a child, and sentencing him, as a second felony offender, to an aggregate term of 12½ to 25 years, unanimously modified, on the law, to the extent of vacating the conviction of sex trafficking and dismissing that count of the indictment, and otherwise affirmed. Defendant's speedy trial motion was properly denied. The adjournments of November 12, 2014, December 17, 2014 and January 21, 2015 were excludable because they were on consent (see CPL 30.30[4][b]; People v Barden, 27 NY3d 550, 555 [2016]), notwithstanding the People's delay in producing grand jury minutes for inspection by the court and their belated production of some discovery items. "[A]djournments which are otherwise excludable pursuant to CPL 30.30(4) are excludable from the period of non-production" of grand jury minutes (People v Jones, 235 AD2d 297, 297 [1st Dept 1997], lv denied 89 NY2d 1095 [1997]). Defendant's challenges to the validity of counsel's consent to these adjournments are unavailing. The motion court also properly excluded the period from February 25, 2015 to March 18, 2015 for motion practice (see CPL 30.30[4][a]), because defendant's motion to controvert a search warrant was pending. The delay in producing the grand jury minutes had no effect on this motion (see People v Davis, 80 AD3d 494 [1st Dept 2011]), and defendant has not shown any other reason not to apply the statutory exclusion.
Defendant's conviction of sex trafficking was not supported by legally sufficient evidence (People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence failed to prove beyond a reasonable doubt that he used force or engaged in a scheme, pattern, or plan to compel or induce the alleged victim, who did not testify at trial, to engage in prostitution by any threat of physical harm (Penal Law § 230.34[5][a]). The evidence showed that the alleged victim, her mother, and a third woman, sought to earn more money than they were earning in Florida, that they voluntarily traveled with defendant to New York to earn money as prostitutes, and that defendant left them alone at times in Florida and New York. There was no evidence presented at trial that defendant ever threatened to harm the alleged victim if she failed to begin or continue working as a prostitute. A detective described a call he overheard between defendant and the alleged victim, after she was apprehended, in which defendant was angry because he believed that she did not get money from a client. However, this does not suffice to prove any use of force or a "scheme" to compel her to work as a prostitute. Similarly, although the third woman in the group that came with defendant from Florida testified that she was a "little intimidated" by an argument over money between defendant and another man, this does not establish the required threat of harm, even assuming the alleged victim also saw and heard the argument.
Although defendant initially requested a mistrial based on the alleged victim's [*2]nonappearance after her expected testimony had been referred to in the prosecutor's opening statement, defendant abandoned that request later in the trial following further efforts by the People to locate the witness (see People v Graves, 85 NY2d 1024, 1027 [1995]); defendant instead sought and obtained a missing witness charge. We decline to review defendant's present claim in the interest of justice. As an alternative holding, we find that defendant has not established bad faith on the People's part or undue prejudice (see People v De Tore, 34 NY2d 199, 207 [1974], cert denied 419 US 1025 [1974]). In any event, any error was harmless because, under the circumstances of the case, it would only have affected the sex trafficking charge, which we are dismissing.
The portion of the prosecutor's summation that suggested a reason for the alleged victim's failure to testify was not so egregious as to warrant a mistrial. Defendant's remaining challenges to the summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
In light of our dismissal of the sex trafficking charge, defendant's procedural arguments relating to that charge are academic.
We perceive no basis for reducing the sentences on the remaining convictions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 4, 2020
CLERK