People v Anderson (2020 NY Slip Op 06881)





People v Anderson


2020 NY Slip Op 06881


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, CURRAN, AND TROUTMAN, JJ.


363 KA 19-01723

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
CHASAREA L. ANDERSON, DEFENDANT-RESPONDENT. 






SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR APPELLANT.
TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an oral order of the Monroe County Court (Sam L. Valleriani, J.), dated February 20, 2019. The oral order dismissed the indictment. 
It is hereby ORDERED that the oral order so appealed from is unanimously reversed on the law, those parts of the omnibus motion and the supplemental motion seeking to dismiss the indictment pursuant to CPL 30.30 based on a delay in prosecution during the period from July 14, 2017 to February 12, 2018 are denied, the indictment is reinstated and the matter is remitted to Monroe County Court for further proceedings on the indictment.
Memorandum: The People appeal from an oral order (see generally People v Elmer, 19 NY3d 501, 507-508 [2012]) granting defendant's motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30 [1] [a]). Defendant was indicted by a sealed indictment on July 14, 2017. He was ultimately apprehended in Georgia on September 7, 2018, and arraigned on September 27, 2018, at which time the People announced their readiness for trial. In his omnibus motion and supplemental motion, defendant contended that the People had failed to exercise due diligence in attempting to locate him and, as a result, the periods during which he was absent or unavailable could not be excluded from speedy trial calculations (see CPL 30.30 [4] [c] [i]). County Court ultimately held a hearing, but limited the evidence to be presented to the time period from the indictment through February 12, 2018, i.e., the date that law enforcement officers learned that defendant might be residing in Georgia.
There is no dispute that defendant met his initial burden "of alleging that the People were not ready for trial within the statutorily prescribed time period" (People v Allard, 28 NY3d 41, 45 [2016]; see CPL 30.30 [1] [a]), and that the burden therefore shifted to the People to demonstrate "sufficient excludable time" (People v Kendzia, 64 NY2d 331, 338 [1985]). We agree with the People that the court erred in concluding that they failed to establish that the time period at issue at the hearing was excludable from speedy trial calculations.
In computing the time within which the People must be ready for trial, the court must exclude, inter alia, the period of delay resulting from defendant's absence (see CPL 30.30 [4] [c] [i]). "A defendant must be considered absent whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence" (id.).
Inasmuch as there is no contention that defendant was attempting to avoid apprehension or prosecution, the issue is whether law enforcement acted with due diligence in attempting to locate him. Although " '[t]he police are not required to search for a defendant indefinitely, . . . they must exhaust all reasonable investigative leads as to his or her whereabouts' " (People v Williams, 137 AD3d 1709, 1710 [4th Dept 2016]). The determination whether law enforcement exercised due diligence in attempting to locate a defendant is a mixed question of law and fact [*2](see People v Luperon, 85 NY2d 71, 78 [1995]; People v Montes, 178 AD3d 1283, 1286 [3d Dept 2019], lv denied 34 NY3d 1161 [2020], reconsideration denied 35 NY3d 943 [2020]).
Here, we conclude that the People established that they exercised due diligence in attempting to locate defendant during the time period at issue at the hearing. Law enforcement officers routinely checked computer databases, social media outlets, criminal history reports and information from other government agencies to attempt to identify locations where defendant might be located. In addition, officers investigated all of the addresses associated with defendant to varying degrees, speaking with maintenance workers, neighbors, tenants, and defendant's mother. In attempting to conduct subsequent interviews with defendant's mother, law enforcement officers learned that she no longer resided at the same address. Law enforcement officers also contacted and spoke with all of defendant's known employers. Although law enforcement officers did not conduct a full investigation of one address that appeared on one credit agency report, one of the officers testified at the hearing that credit reports were not reliable because "anyone . . . could go apply for a credit card online today and write [any address] on the application." Without any corroboration of defendant's affiliation with that address, the officer did not investigate beyond driving to the address and verifying that it was a commercial and retail building. Ultimately, on February 12, 2018, the officers' periodic database searches yielded a potential address in Georgia.
"[N]otwithstanding the fact that greater efforts could have been undertaken" (People v Grey, 259 AD2d 246, 249 [3d Dept 1999], lv denied 94 NY2d 880 [2000]), we conclude that the People established that they exercised the requisite due diligence in attempting to locate defendant during the time period at issue at the hearing and thus that the period of time from July 14, 2017 through February 12, 2018 should be excluded from speedy trial calculations (see e.g. People v Lewis, 177 AD3d 1351, 1352 [4th Dept 2019], lv denied 34 NY3d 1130 [2020], reconsideration denied 35 NY3d 971 [2020]; People v Butler, 148 AD3d 1540, 1541 [4th Dept 2017], lv denied 29 NY3d 1090 [2017]; People v Petrianni, 24 AD3d 1224, 1224-1225 [4th Dept 2005]; cf. Williams, 137 AD3d at 1710-1711; People v Devore, 65 AD3d 695, 697 [2d Dept 2009]; People v Davis, 205 AD2d 697, 699 [2d Dept 1994]).
Although defendant contends that we should nevertheless affirm the oral order on the ground that other periods of time are not excludable and still exceed the statutorily prescribed time period, we do not address that contention inasmuch as it was "not ruled upon" by the court (People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]; see CPL 470.15 [1]; People v Concepcion, 17 NY3d 192, 195 [2011]).
We therefore reverse the oral order, deny those parts of the omnibus motion and supplemental motion seeking to dismiss the indictment pursuant to CPL 30.30 based on a delay in prosecution during the period from July 14, 2017 to February 12, 2018, reinstate the indictment and remit the matter to County Court for further proceedings on the indictment, including further proceedings related to the speedy trial motion, if necessary.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court