People v Jordan (2023 NY Slip Op 05065)

People v Jordan

2023 NY Slip Op 05065

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

641 KA 22-00659

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAION JORDAN, DEFENDANT-APPELLANT. 

THE LAW OFFICES OF MATTHEW ALBERT, DARIEN CENTER (MATTHEW ALBERT OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 15, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the seventh degree (three counts) and criminal possession of stolen property in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30). We affirm.
Where, as here, a defendant is charged with a felony, the People must announce readiness for trial within six calendar months of the commencement of the criminal action (see CPL 30.30 [1] [a]; People v England, 84 NY2d 1, 4 [1994], rearg denied 84 NY2d 846 [1994]; People v Gaskin, 214 AD3d 1353, 1353 [4th Dept 2023]). "The statutory period is calculated by 'computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion' " (People v Barnett, 158 AD3d 1279, 1280 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]).
Here, the criminal action was commenced on July 23, 2019 (see CPL 1.20 [1], [17]). As stated above, inasmuch as defendant's charges included a felony, the People were permitted no more than six calendar months of delay. The People declared their readiness for trial on November 8, 2019. Thus, 108 days are chargeable to the People. On January 1, 2020, the new discovery laws of CPL article 245 went into effect and the People reverted to a state of unreadiness for purposes of CPL 30.30 (see People v King, 216 AD3d 1400, 1405-1406 [4th Dept 2023]). Even assuming, arguendo, that the People's certificate of compliance filed on January 10, 2020 did not validly state the People's readiness for trial at that time (see CPL 30.30 [5]), the speedy trial clock stopped running when defendant made an omnibus motion on January 23, 2020. Thus, the People's delay was only an additional 23 days. The time attributable to pretrial motions and the period during which such matters are under consideration by the court is excludable from the People's time under CPL 30.30 (4) (a) and thus could not be charged to the People (see generally People v Abergut, 202 AD3d 1497, 1498 [4th Dept 2022], lv denied 38 NY3d 1068 [2022]). The court decided defendant's motions on August 18, 2021, the same day that defendant pleaded guilty. Thus, we conclude that the total period of time chargeable to the People was 131 days, less than the six months allowable in this case (see CPL 30.30 [1] [a]). Therefore, the People did not violate defendant's statutory right to a speedy trial.
We have considered defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court