People v Harris (2025 NY Slip Op 04302)

People v Harris

2025 NY Slip Op 04302

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

170 KA 23-01657

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
LOUIE HARRIS [LOUIS HARRIS-HORNSBY], DEFENDANT-RESPONDENT. 

MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR APPELLANT.
THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (PAUL C. CURTIN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Erie County Court (Susan M. Eagan, J.), dated September 28, 2023. The order granted the motion of defendant and dismissed the indictment. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: On appeal from an order granting defendant's motion to dismiss the indictment on statutory speedy trial grounds, the People contend that County Court erred in concluding that their certificate of compliance was improper, thus rendering their statement of readiness illusory, and that the court further erred in granting defendant's motion on that basis without accounting for periods of excludable time. Where a defendant brings a CPL 30.30 motion and the certificate of compliance is deemed improper and the readiness statement stricken as illusory, the case will be dismissed if the time chargeable to the People exceeds the applicable CPL 30.30 period (see People v Bay, 41 NY3d 200, 213 [2023]). Although an illusory statement of readiness is "insufficient to stop the running of the speedy trial clock" (People v England, 84 NY2d 1, 4 [1994], rearg denied 84 NY2d 846 [1994]), a court must still consider which periods of prereadiness time are chargeable to the People for speedy trial purposes (see CPL 30.30 [4]; People v Brown, 28 NY3d 392, 406 [2016]; People v Lawrence, 231 AD3d 1497, 1501 [4th Dept 2024], lv denied 43 NY3d 945 [2025]; People v Jordan, 220 AD3d 1187, 1188 [4th Dept 2023]). Here, the court failed to calculate any periods of excludable time for speedy trial purposes. Thus, even assuming, arguendo, that the People's certificate of compliance was improper and that the statement of readiness was therefore illusory, we do not address the People's contention that the time chargeable to them did not exceed six months because the court did not rule on the excludable time (see People v Concepcion, 17 NY3d 192, 195 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998], rearg denied 93 NY2d 849 [1999]; see generally CPL 470.15 [1]; People v Anderson, 188 AD3d 1699, 1701 [4th Dept 2020], lv denied 36 NY3d 1055 [2021]). We therefore hold the case, reserve decision, and remit the matter to County Court to determine whether the People were ready within the requisite six-month time period (see CPL 30.30 [1] [a]; People v Baker, 229 AD3d 1324, 1328 [4th Dept 2024]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court