People v Ernst (2025 NY Slip Op 04329)

People v Ernst

2025 NY Slip Op 04329

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, DELCONTE, AND HANNAH, JJ.

423 KA 24-01168

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
KYLE D. ERNST, DEFENDANT-RESPONDENT. 

MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR APPELLANT.
NICHOLAS T. TEXIDO, BUFFALO, FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Amy C. Martoche, J.), dated June 25, 2024. The order, inter alia, granted the motion of defendant insofar as it sought to dismiss an indictment. 
It is hereby ORDERED that the order so appealed from is affirmed.
Memorandum: In this prosecution arising from defendant's alleged assault of the mother of his infant son, Supreme Court, by an oral decision and a subsequent written order, granted defendant's motion seeking, inter alia, dismissal of the indictment on the ground that the People failed to provide all discovery required by CPL 245.20, which rendered any certificate of compliance improper, and thereby rendered any statement of trial readiness pursuant to CPL 30.30 illusory and resulted in a violation of defendant's statutory right to a speedy trial. The People appeal from the order, and we affirm.
As a preliminary matter, we conclude, contrary to defendant's assertion, that the People's appeal is timely inasmuch as their notice of appeal was filed within 30 days after service of the written order from which they appeal (see CPL 460.10 [1] [a]). Defendant's reliance upon People v Coaye (68 NY2d 857 [1986]) is misplaced, because "that case stands for the proposition that where a motion pursuant to CPL 330.30 is granted and sentence is then imposed on the same date, the order and sentence are subsumed in the judgment of conviction and both the People and the defendant have 30 days after the imposition of sentence within which to file their respective notices of appeal" (People v Baker, 131 AD2d 491, 491-492 [2d Dept 1987], lv denied 70 NY2d 709 [1987]). No judgment of conviction was entered in this case and, thus, Coaye is inapplicable and "the time within which to appeal from the order is governed by the applicable language of CPL 460.10 (1) (a)" (id. at 492).
On the merits, the People contend that the court erred in determining that they violated their initial discovery obligations by failing to disclose the police report and body-worn camera footage relating to a welfare check of two of defendant's children conducted by police officers two days after the alleged assault, inasmuch as they acted in good faith and with due diligence in an attempt to recover the report and footage. We reject that contention.
Where, as here, "a defendant bring[s] a CPL 30.30 motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a [certificate of compliance (COC)], the People bear the burden of establishing that they did, in fact, exercise due diligence and ma[k]e reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (People v Bay, 41 NY3d 200, 213 [2023]; see People v Mitchell, 228 AD3d 1250, 1255-1256 [4th Dept 2024]). "If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (Bay, 41 NY3d at 213; see People v Baker, 229 AD3d 1324, 1327 [4th Dept 2024]).
"Despite not being defined by the statute, due diligence is a familiar and flexible standard that requires the People to make reasonable efforts to comply with statutory directives . . . That analysis is fundamentally case-specific . . . and will turn on the circumstances presented" (People v Lawrence, 231 AD3d 1497, 1499 [4th Dept 2024], lv denied 43 NY3d 945 [2025] [internal quotation marks omitted]), including, " 'among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery' " (Mitchell, 228 AD3d at 1255, quoting Bay, 41 NY3d at 212). Here, despite being aware of the welfare check, which directly related to an issue upon which they presented testimony at the grand jury proceeding, the People failed to undertake the requisite efforts to ascertain the existence of, and obtain, the police report and body-worn camera footage, sending only a single letter to the police department that had conducted the welfare check and failing to follow up. We conclude under the circumstances presented here that the People failed to meet their burden of establishing that they exercised due diligence and made reasonable inquiries prior to filing the initial COC (see Mitchell, 228 AD3d at 1256; cf. Lawrence, 231 AD3d at 1499-1500; People v Cooperman, 225 AD3d 1216, 1220 [4th Dept 2024]; see generally Bay, 41 NY3d at 215) and, thus, the court properly determined that the initial COC was improper and struck the statement of readiness as illusory (see Bay, 41 NY3d at 213, 216; Mitchell, 228 AD3d at 1257).
We further conclude that upon striking the statement of readiness the court properly granted defendant's motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30). Where, as here, a defendant is charged with a felony, the People must announce readiness for trial within six months of the commencement of the action (see CPL 30.30 [1] [a]; People v Gaskin, 214 AD3d 1353, 1353 [4th Dept 2023]). "The statutory period is calculated by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for exclusion" (People v Barnett, 158 AD3d 1279, 1280 [4th Dept 2018], lv denied 31 NY3d 1078 [2018] [internal quotation marks omitted]). "Once a defendant has shown the existence of a delay greater than six months, the People bear the burden of proving that certain periods within that time should be excluded" (People v Shammah, 229 AD3d 1250, 1250 [4th Dept 2024]). Although CPL 245.50 (4) (b) requires that, "[t]o the extent that the party is aware of a potential defect or deficiency related to a certificate of compliance or supplemental certificate of compliance, the party entitled to disclosure shall notify or alert the opposing party as soon as practicable" (see Bay, 41 NY3d at 210), we conclude that, contrary to the People's contention, defendant promptly notified them about the insufficiency of their COC when he raised the issue in his omnibus motion. Moreover, while CPL 30.30 (4) (a) provides that "a reasonable period of delay resulting from," inter alia, "pre-trial motions" and "the period during which such matters are under consideration by the court" must be excluded when computing the People's time (see People v Sheard, 236 AD3d 826, 827 [2d Dept 2025]), we conclude that the People have failed to meet their burden of establishing that any issues remained "under consideration by the court" with respect to defendant's omnibus motion following the August 17, 2023 order of Supreme Court (Haendiges, J.). Specifically, in response to the court's inquiry at the conclusion of the Huntley hearing as to what issues from defendant's omnibus motion remained under its consideration, defense counsel advised, without objection from the prosecutor, that "[t]he only thing [remaining that] we would need the [c]ourt to take a look at [is] any [g]rand [j]ury minutes." The court then resolved the issue of the grand jury minutes in its August 17, 2023 order and, thereafter, did not at any time consider additional issues from the omnibus motion, nor did either party ask the court, at any time after August 17, 2023, to consider any additional issues from the omnibus motion. Thus, inasmuch as the total time chargeable to the People exceeds the six-month period allowed pursuant to CPL 30.30, defendant was denied his right to a speedy trial and Supreme Court (Martoche, J.) properly granted that part of defendant's CPL 30.30 motion seeking to dismiss the indictment (see generally CPL 30.30 [1] [a]).
In light of our determination, the People's remaining contention is academic.
All concur except Curran and Smith, JJ., who dissent in part and vote to reverse in accordance with the following memorandum: We respectfully dissent in part and vote to reverse, [*2]deny the motion insofar as it sought dismissal of the indictment, and reinstate the indictment. Although we agree with the majority's conclusion that the certificate of compliance in this case was invalid (see People v Mitchell, 228 AD3d 1250, 1257 [4th Dept 2024]), we cannot agree with the majority's further conclusion that the People could be charged with more than six months of speedy trial time while defendant's omnibus motion remained pending. In our view, it cannot be disputed that the omnibus motion remained pending before Supreme Court, i.e., "under consideration" (CPL 30.30 [4] [a]), at least in part, during the relevant time frame inasmuch as the portion of the motion seeking to compel production of certain materials pertaining to a welfare check conducted by the West Seneca Police Department on November 6, 2022 (welfare check materials) was neither decided by the court nor withdrawn by defendant before defendant moved to dismiss the indictment. Because we conclude that defendant's omnibus motion remained pending before the court until defendant moved to dismiss the indictment on speedy trial grounds, we further conclude that all of the time that elapsed during that period was excludable, and that the People could not be charged with more than six months of statutory speedy trial time as a result (see People v Jordan, 220 AD3d 1187, 1188 [4th Dept 2023]; People v Edmead, 197 AD3d 937, 939 [4th Dept 2021], lv denied 37 NY3d 1096 [2021], reconsideration denied 37 NY3d 1160 [2022]; see generally CPL 30.30 [4] [a]).
Here, the criminal action was commenced on January 10, 2023, when the indictment was filed (see CPL 1.20 [17]; see generally People v Osgood, 52 NY2d 37, 43 [1980]; People v Sweet, 98 AD3d 1252, 1253 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]). Inasmuch as defendant was charged with a felony, the People were permitted no more than six calendar months of delay or, in this case, 181 days (see CPL 30.30 [1] [a]; People v Cortes, 80 NY2d 201, 207 n 3 [1992], rearg denied 81 NY2d 1068 [1993]). It is undisputed that defendant met his "initial burden of alleging that the People were not ready for trial within the statutorily prescribed time period" (People v Allard, 28 NY3d 41, 45 [2016]; see CPL 30.30 [1] [a]; People v Anderson, 188 AD3d 1699, 1699 [4th Dept 2020], lv denied 36 NY3d 1055 [2021]), thereby shifting the burden to the People to demonstrate "sufficient excludable time" (People v Kendzia, 64 NY2d 331, 338 [1985]).
Unlike the majority, we conclude that the People could be charged with, at most, approximately 105 days elapsing between the commencement of the criminal action and defendant's service upon the People of his omnibus motion on April 25, 2023, at which point the speedy trial clock stopped entirely. In the omnibus motion, defendant sought, inter alia, an order compelling the People to turn over the welfare check materials. Although the court resolved other aspects of the omnibus motion, it is beyond doubt that it never ruled on defendant's request with respect to the welfare check materials. Indeed, the record shows that, at a Huntley hearing held on August 14, 2023, defense counsel indicated that there were some outstanding issues with respect to the omnibus motion—an obvious reference to defendant's request for the welfare check materials—but anticipated that the parties could work out those issues without court intervention. Although the court offered to help resolve the outstanding issues, defense counsel declined the offer, informed the court that "[h]opefully, we will not need any court intervention," and stated that the parties "[could] just let [the court] know if [they had] a problem," thereby suggesting that if the parties reached an impasse, defendant could at that later time ask the court to determine that part of the omnibus motion seeking to compel the disclosure of the welfare check materials.
The continued pendency of that portion of defendant's omnibus motion pertaining to the welfare check materials is further evidenced by the record before the Supreme Court Justice who issued the order on appeal. At a hearing on May 8, 2024, the court went through the record of proceedings that had occurred before the matter was transferred. When the court referenced defendant's omnibus motion, it expressly stated that it did not appear that the issue of the welfare check materials had been decided by the Supreme Court Justice previously assigned to the matter. Defense counsel did not object to that statement and, in fact, later agreed with the court that discovery was still a subject to be discussed.
In the face of those undisputed facts, the best the majority can do is conclude that the court did not "consider additional issues from the omnibus motion" after it entered the order entered on August 17, 2023. We disagree with the majority that the August 17, 2023 order disposed of the entirety of defendant's omnibus motion inasmuch as that order has nothing to do with defendant's request for the disclosure of the welfare check materials; indeed, the order is [*3]limited by its express terms to defendant's request for disclosure of grand jury instructions and for dismissal of the indictment as based on insufficient grand jury evidence. The order makes no reference to any other portions of the omnibus motion—clearly establishing the limited nature of the determination being made. Thus, as of August 17, 2023, and in light of defense counsel's specific statement at the close of the Huntley hearing that court intervention was not yet needed at that time, the dispute over the welfare check materials raised in the omnibus motion remained undecided, unresolved, and pending before the court.
In his brief to this Court, defendant asserts that, on August 14, 2023, "[c]ounsel explicitly informed the [c]ourt that, other than the grand jury sufficiency review, there were no pending motions before the [c]ourt," a position that defense counsel took in light of the People's purported "representation [in opposition to the omnibus motion] that the [welfare check] materials did not exist." In our view, however—and as explicated above—defense counsel made no such statement before the court at that time, and we further note that the People's stated basis for objecting to the production of the welfare check materials was that they were irrelevant. The extent to which the majority relies on defendant's inaccurate portrayal of defense counsel's statements to the motion court only serves to reveal the weakness of defendant's argument that the omnibus motion was no longer "under consideration by the court" (CPL 30.30 [4] [a]) during the relevant time frame.
We also note that there is nothing in the record to indicate that defendant ever formally withdrew that part of the omnibus motion seeking to compel the production of the welfare check materials. Indeed, it would not have made sense for defendant to withdraw that aspect of the motion because, even if defendant formally withdrew his motion, that action would present its own set of difficulties that would undermine the defense of this case. For one thing, if the parties were unable to reach a compromise on the discovery issue, defendant would not be able to seek further relief from the court had he actually withdrawn his motion (see CPL 255.20 [3]). In other words, it was in defendant's interest to keep the motion pending during the ongoing negotiations because it would allow for the future judicial intervention originally offered by the court during the August 14, 2023 appearance should no agreement be reached. We also disagree with the majority to the extent it concludes that the People had some obligation to prompt the court to act on, or resolve, defendant's pending omnibus motion.
We would also reject the court's conclusion that the omnibus motion ceased being "under consideration" for purposes of the exclusion under CPL 30.30 (a) (4) when the "active parts of the omnibus motion were determined" (emphasis added). In our view, the fact that some parts of the motion were determined logically implies that the other parts of the motion were not determined. Absent withdrawal of those parts of the motion, the motion necessarily remained pending—particularly given defense counsel's indication that he did not yet need court intervention on the subject. In a somewhat similar situation, the First Department reversed the grant of a motion to dismiss the indictment on statutory speedy trial grounds and denied the motion where it found that sufficient time was excludable based on CPL 30.30 (4) (a) as a result of pending motions. In that case, the motion court concluded that the time was not excludable on the ground that "pro forma" portions of a defendant's motion were left undecided and therefore were not still pending. The First Department, however, concluded that "[a] 'pro forma' motion is still a motion within the meaning of the statute" (People v Douglas, 209 AD2d 161, 162 [1st Dept 1994], lv denied 85 NY2d 908 [1995]). A similar analysis should pertain here. Even accepting the court's distinction between "active parts" of defendant's omnibus motion and other parts of it, the irrefutable fact remains that the motion was "still a motion within the meaning of the statute" (id.), and therefore the time during which it was pending is excludable (see CPL 30.30 [4] [a]).
The majority's conclusion that defendant's omnibus motion was no longer pending because the court did not consider the additional issues raised therein after August 17, 2023, is no different than the conclusion of the trial court in Douglas that all that remained were "pro forma" issues. The majority never concludes that the court decided that portion of the omnibus motion seeking to compel production of the welfare check materials or ruled on the People's objection to producing them. The majority also does not conclude that the defendant withdrew that portion of the omnibus motion seeking those materials. In our view, the fact that the court did not consider that additional issue raised in the omnibus motion demonstrates that said aspect of the motion was still pending, even after the August 17, 2023 order was entered.
Consequently, because all of the time that elapsed between the filing of the omnibus motion and defendant's statutory speedy trial motion is excludable due to the pending motion (see CPL 30.30 [4] [a]), we conclude that the court erred in granting the statutory speedy trial motion and in dismissing the indictment inasmuch as the People cannot be charged with more than 181 days of speedy trial time.
In light of that conclusion, we must also consider whether the court abused its discretion in, alternatively, dismissing the indictment as a discovery sanction under CPL 245.80. We conclude that, on the record before us, the court abused its discretion in that regard (see generally People v Jenkins, 98 NY2d 280, 284 [2002]; People v Bookman, 224 AD3d 1269, 1270 [4th Dept 2024]). Pursuant to CPL 245.80 (2), as a sanction for a discovery violation, a court may "order the dismissal of all or some of the charges provided that, after considering all other remedies, dismissal is appropriate and proportionate to the prejudice suffered by the party entitled to disclosure" (emphasis added). Here, we conclude that the court failed to show that it had considered whether any other remedy would suffice as a sanction for the People's discovery violation. Indeed, even assuming that the welfare check materials were found relevant and admissible at trial, there was no consideration by the court whether the prejudice sustained by defendant by virtue of the People's discovery violation could be ameliorated by some measure less than dismissal of the entire indictment such as preclusion or an adverse inference jury instruction (see e.g. CJI2d[NY] Destroyed or Lost Evidence, https://nycourts.gov/judges/cji/1-General/CJI2d.Adverse-Inference-Destroyed-Evidence.pdf [last accessed June 30, 2025]; PJI 1:77.2). Thus, we would not affirm that part of the order dismissing the indictment as a discovery sanction.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court