People v Banks (2025 NY Slip Op 04346)

People v Banks

2025 NY Slip Op 04346

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

465 KA 21-00875

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVON D. BANKS, DEFENDANT-APPELLANT. 

MICHAEL J. STACHOWSKI, P.C., BUFFALO (MICHAEL J. STACHOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (APRIL J. ORLOWSKI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (Suzanne Maxwell Barnes, J.), rendered April 29, 2021. The judgment convicted defendant upon a plea of guilty of attempted strangulation in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted strangulation in the second degree (Penal Law §§ 110.00, 121.12). We affirm. Initially, as defendant correctly contends, the record does not establish that he validly waived his right to appeal inasmuch as County Court's oral colloquy mischaracterized the waiver as an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Zabko, 206 AD3d 1642, 1642-1643 [4th Dept 2022]; People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]). Thus, we are not precluded from reviewing defendant's challenge to the court's ruling on his statutory speedy trial motion (cf. People v Kelly, 231 AD3d 1515, 1516 [4th Dept 2024], lv denied 43 NY3d 931 [2025]; see generally People v Lyon, 227 AD3d 1521, 1522 [4th Dept 2024], lv denied 42 NY3d 928 [2024]).
Defendant contends that the court erred in denying his motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30), arguing that the People's total period of unreadiness for trial exceeded six months. The People contend that defendant's speedy trial motion is not properly before us inasmuch as he withdrew the motion before he pleaded guilty. We reject that contention because, as the record clearly shows, defendant withdrew only his motion to renew his speedy trial motion, not the original motion itself. Thus, defendant's speedy trial contention is properly before us inasmuch as he never withdrew the original motion, and the court expressly ruled on it before defendant pleaded guilty (cf. People v Gilliam, 96 AD3d 1650, 1651 [4th Dept 2012], lv denied 19 NY3d 1026 [2012]; People v Thousand, 41 AD3d 1272, 1273 [4th Dept 2007], lv denied 9 NY3d 927 [2007]).
With respect to the merits, "[i]n felony cases such as this one, CPL 30.30 requires the People to be ready for trial within six months of the commencement of the criminal action (CPL 30.30 [1] [a]). Whether the People have satisfied this obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Cortes, 80 NY2d 201, 208 [1992], rearg denied 81 NY2d 1068 [1993]). "[A] defendant bears the initial burden of alleging that the People were not ready for trial within the statutorily prescribed time period" (People v Allard, 28 NY3d 41, 45 [2016]). The People then "bear the burden of demonstrating sufficient excludable time" (People v Kendzia, 64 NY2d 331, 338 [1985]; see Allard, 28 NY3d [*2]at 45).
Here, the criminal action was commenced on June 14, 2018, when the felony complaint was filed (see CPL 1.20 [17]; People v Session, 206 AD3d 1678, 1680 [4th Dept 2022]). Inasmuch as defendant was charged with a felony, the People were permitted no more than six calendar months of delay or, in this case, 183 days (see CPL 30.30 [1] [a]; Cortes, 80 NY2d at 207 n 3 [1992]). There is no dispute that defendant met his "initial burden of alleging that the People were not ready for trial within the statutorily prescribed time period" (Allard, 28 NY3d at 45; see CPL 30.30 [1] [a]; People v Anderson, 188 AD3d 1699, 1699 [4th Dept 2020], lv denied 36 NY3d 1055 [2021]), thereby shifting the burden to the People to demonstrate "sufficient excludable time" (Kendzia, 64 NY2d at 338).
Regarding the period of prereadiness delay, we conclude that the People should be charged with 141 days. Defendant was charged by felony complaint on June 14, 2018, and the People announced readiness for trial upon defendant's indictment on November 9, 2018 (see generally People v Carter, 91 NY2d 795, 797 [1998]). The day the felony complaints were filed is excluded from the time calculations (see People v Stiles, 70 NY2d 765, 767 [1987]; People v Harrison, 171 AD3d 1481, 1482 [4th Dept 2019]). We conclude that the People should be charged with the four days that elapsed between June 14, 2018, and June 18, 2018. We further conclude that the People should only be charged with two days between June 18, 2018, and June 27, 2018—the latter date being when the felony hearing was conducted—inasmuch as defendant expressly waived some of that time, and other time was excludable due to a conflict between defendant and counsel (see CPL 30.30 [4] [f]; Harrison, 171 AD3d at 1482). Further, we conclude that the People should be charged with the 135 days that elapsed between the felony hearing and the People's statement of readiness.
Next, with respect to the postreadiness periods, the time between the People's statement of readiness on November 9, 2018, and the originally scheduled arraignment date of November 26, 2018, should not be charged to the People. Indeed, it is well settled that the duty to schedule an arraignment remains with the court (see Carter, 91 NY2d at 799; People v Rickard, 71 AD3d 1420, 1421 [4th Dept 2010], lv denied 15 NY3d 809 [2010]; see also People v Goss, 87 NY2d 792, 798 [1996]). Defendant contends that the People should be charged with the 21 days that elapsed between the original arraignment date and December 17, 2018—when the arraignment on the indictment ultimately occurred—inasmuch as the People failed to produce defendant in court on November 26, 2018. The People assert that they should be charged with only 10 days of that time period based on their request for an adjournment of that length. We agree with the People. Although defendant argues that the entire 21-day period is chargeable to the People due to an alleged failure to produce defendant in court, he does not dispute the fact that defense counsel also did not appear in court for the originally scheduled arraignment. Thus, we cannot say that the entire 21-day period between the originally scheduled arraignment and the actual arraignment was solely attributable to the People such that they should be charged with any time in excess of the 10-day adjournment they requested (see generally CPL 30.30 [4] [f]; People v Mannino, 306 AD2d 157, 158 [1st Dept 2003], lv denied 100 NY2d 643 [2003]; People v David, 253 AD2d 642, 644 [1st Dept 1998], lv denied 92 NY2d 948 [1998]).
Defendant further contends that the People are chargeable with the time that elapsed from January 30, 2019, through April 2, 2019, because they did not produce defendant in court during that time period. We reject that contention. For the time period of January 30, 2019, to March 4, 2019, we conclude that such time was excludable because the court had to reschedule the appearances based on its own calendar. Of course, "postreadiness delay attributable to the court is not charged to the People" (People v Brown, 28 NY3d 392, 404 [2016] [internal quotation marks omitted]; see Goss, 87 NY2d at 797). Additionally, we conclude that the period from March 4, 2019, to April 2, 2019, is not chargeable to the People inasmuch as the matter had been adjourned in anticipation of various pretrial motions—including, relevantly, defendant's motion to suppress statements, requiring the court to conduct a Huntley hearing (see generally CPL 30.30 [4] [a]; People v Brown, 99 NY2d 488, 492 [2003]; People v Campos, 124 AD3d 434, 434-435 [1st Dept 2015], lv denied 26 NY3d 927 [2015]).
Indeed, although defendant contends that additional periods of postreadiness delay should be charged to the People, we conclude that all of those periods are excludable inasmuch as defendant's filing of the suppression motion stopped the speedy trial clock for the remainder of [*3]the time that elapsed until defendant made his speedy trial motion (see People v Jordan, 220 AD3d 1187, 1188 [4th Dept 2023]; People v Edmead, 197 AD3d 937, 939 [4th Dept 2021], lv denied 37 NY3d 1096 [2021], reconsideration denied 37 NY3d 1160 [2022]; see generally CPL 30.30 [4] [a]). At all relevant times, the matter was either adjourned in anticipation of the Huntley hearing or adjourned because the motion was still pending (see CPL 30.30 [4] [a]; Jordan, 220 AD3d at 1188; People v Bruno, 300 AD2d 93, 95 [1st Dept 2002], lv denied 100 NY2d 641 [2003]). Because all of that time was excludable due to the court's consideration of the suppression motion, we need not consider the People's alternative argument that some of that time was not chargeable to them due to "exceptional circumstances" (CPL 30.30 [4] [g]).
We also reject defendant's contention that the People should be charged with a period of delay based on their failure to produce the grand jury minutes. That is because "[a]djournments which are otherwise excludable pursuant to CPL 30.30 (4) are excludable from the period of non-production of grand jury minutes" (People v Hayes, 180 AD3d 423, 424 [1st Dept 2020], lv denied 35 NY3d 993 [2020] [internal quotation marks omitted]). Regardless, we note that such time would also be excludable where, as here, defendant failed to show that the People's failure to produce the grand jury minutes "caused any delay whatsoever in the progress of the case" (People v Beasley, 69 AD3d 741, 743 [2d Dept 2010], affd 16 NY3d 289 [2011]).
Consequently, because the People could only be charged with a total of 151 days (i.e., 141 days of prereadiness delay, plus 10 days of postreadiness delay), we conclude that the court properly denied defendant's motion to dismiss the indictment on speedy trial grounds (see generally CPL 30.30).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court